IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEON HAMPTON, | ) | PLAINTIFF |
| | ) | DEMANDS |
| Plaintiff, | ) | TRIAL BY JURY |
| | ) | |
| v. | ) | Case No. 15 C 290 |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | Honorable Judge: |
| SGT BROWN, OFFICER WALKER B., | ) | GARY FEINERMAN |
| UNKNOWN CORRECTIONAL PERSONNEL, | ) | |
| UNKNOWN CERMAK MEDICAL PERSONNEL | ) | |
| and the COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, DEON HAMPTON, by and through her attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, and complaining against Defendants, COOK COUNTY SHERIFF'S OFFICE, SGT BROWN, OFFICER WALKER B., UNKNOWN CERMAK MEDICAL PERSONNEL, UNKNOWN CORRECTIONAL PERSONNEL, and COUNTY OF COOK, states as follows:

## JURISDICTION

This action arises under 42 U.S.C. § 1983, 28 U.S.C. § 1367, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

## VENUE

1. Venue is provided under 28 U.S.C. §§ 1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

2. Upon belief, Defendants COOK COUNTY SHERIFF'S OFFICE, SGT BROWN, OFFICER WALKER B. and UNKNOWN CORRECTIONAL PERSONNEL reside in the State of Illinois and the Northern District of Illinois.

3. Defendant COUNTY OF COOK is located in the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

5. Plaintiff is a resident of Cook County, Illinois which is located in the Northern District of Illinois.

6. Upon belief, Defendants SGT BROWN and OFFICER WALKER B. were, at all times relevant to this action, employed by the County of Cook as Correctional Officers

7. Upon belief, Defendant UNKNOWN COOK COUNTY CORRECTIONAL OFFICERS were, at all times relevant to this action, employed by the County of Cook as Correctional Officers.

8. Upon belief, Defendant COOK COUNTY SHERIFF'S OFFICE was, at all times relevant to this action, part of the government of Cook County..

9. Defendant COUNTY OF COOK is a governmental subdivision located in the Northern District of Illinois, Eastern Division.

10. All individual defendants are sued in their individual capacities.

## FACTS

### COOK COUNTY SECURITY CLASSIFICATION

11. On October 1, 2014, Plaintiff was an inmate at the Cook County Department of Corrections ("CCDOC" or "Jail"), housed in Protective Custody ("P.C.").

12. Plaintiff is a member of the lesbian, gay, bisexual, and transgender community, ("LGBT"), a protected class[1].

13. Protective Custody is a special segregation status of inmates deemed "at risk" from danger of other inmates because of their gender identification, LGBT status, at-risk social status, informant status or any other special status that makes them a target of inmates from general population (g.p.).

14. Pursuant to rules promulgated by Defendant SHERIFF OF COOK COUNTY and COOK COUNTY, inmates housed in P.C. are not to be placed in contact with inmates housed in the general population because inmates in the general population are a known threat to the p.c. population.

15. Placing P.C. inmates in contact with g.p. inmates defeats and undermines the purpose of P.C.

---

[1] Although Plaintiff is born a male and is classified by CCDOC as a male, Plaintiff identifies as a female and is addressed as "she" throughout this complaint.

16. Pursuant to rules promulgated by Defendant SHERIFF OF COOK COUNTY, CCDOC and COOK COUNTY, inmates housed in P.C.. wear distinctive dress in contrast to the dress of those housed in the g.p.

17. The SHERIFF OF COOK COUNTY, CCDOC, INDIVIDUAL DEFENDANTS and COOK COUNTY are responsible for transporting inmates scheduled for court in a secure fashion.

## THE INCIDENT

18. On October 1, 2014, Plaintiff had a scheduled court date. It was the duty of the defendant deputies of Defendant Sheriff's office, including defendants assigned to bus#4790, to safely transport Plaintiff from CCDOC to the Skokie Courthouse for court call.

19. General population inmates were already on bus#4790 awaiting other inmates, including Plaintiff, who were also being transported to court in Skokie.

20. As Plaintiff approached the transport bus, with her deputy-defendant escort, the g.p. inmates began yelling from inside the bus calling Plaintiff lewd names including, "faggot" and "bitch".

21. As Plaintiff came closer to the awaiting bus some inmates announced to the deputies that "we gonna kill that bitch (referring to Plaintiff)" if Plaintiff was placed on the bus.

22. Plaintiff, noticing the dress of the g.p. inmates, and hearing the threats, informed the individual defendants that she was in fear of her life. Plaintiff told the individual defendants that she was scared to get on the bus.

23. Plaintiff pointed out to Defendant's agents, the Sheriff's deputies, that co-mingling the two groups of inmates was against the rules of the Sheriff and was just inviting trouble in this case.

24. It was common knowledge among inmates, employees and administration of CCDOC that LGBT inmates were subject to physical abuse from g.p. inmates whenever the two groups were permitted to co-mingle.

25. Defendant Walker responded by telling Plaintiff to, "take your dick out your ass and grow some balls". Based on the deputies' commands and threats, the Plaintiff boarded the g.p. bus to Skokie.

26. The gay bashing, threats and insults continued on the trip to Skokie.

27. The individual defendants laughed and told Plaintiff to take it up with Tom Dart, then slammed the gate on the bus which locked Plaintiff inside with the g.p. inmates.

28. On the return trip from Skokie Plaintiff requested a routine escort sheriff van to return her to the jail as an escape from the g.p. inmates, again informing the individual defendants that she was afraid for her life because of the threats. The individual defendants announced in front of the g.p. inmates that they would beat Plaintiff's "gay ass" worse than the inmates if she didn't return on the same bus.

29. The g.p. inmates responded by chanting, "beat his gay ass". Plaintiff was forced back on the bus with the g.p. inmates, many of whom who started spitting on Plaintiff.

30. Plaintiff asked for intervention from the Defendant deputies but none of them would intervene in the conflict.

31. Several of the g.p. inmates had saved juice tops from their lunch at Skokie. Some of the inmates began throwing their juice tops at Plaintiff.

32. A g.p. inmate at the back of the bus hit Plaintiff in his face with a juice top.

33. Plaintiff warned him if he did that again she would make him stop.

34. The inmate hit Plaintiff with another juice top, and Plaintiff went to the back of the bus to confront him.

35. Neither of the available guards – sitting at the front of the bus – intervened.

36. The g.p. inmate – who was much larger than Plaintiff – put Plaintiff in a headlock while other g.p. inmates came over and joined the fight, taking pot shots at Plaintiff while she was in the headlock.

37. G.p. inmates punched and kicked Plaintiff in the head, face and in the body, and pulled her hair out.

38. None of the defendants moved from their positions a few feet from the incident.

39. After a while Plaintiff broke out of the headlock and engaged more of the g.p. inmates near the back of the bus.

40. Eventually, the individual defendants stopped the bus and watched the incident for several more minutes before finally getting involved. Defendant Brown announced that it was good they beat that "fag ass" and that he would cover it up.

41. Plaintiff begged for medical assistance. Plaintiff suffered various emotional and physical injuries including but not limited to a bruised face, permanently chipped teeth, her bottom lip was split open, her eyes were swollen, causing blurred vision, and Plaintiff's hand was broken.

42. Plaintiff was eventually taken to the Cermak Health Unit inside CCDOC where the doctor refused to treat Plaintiff.

43. As it was never treated, the bone in Plaintiff's hand is still jutting out.


**COUNT I**

### STATE CREATED DANGER – UNDER THE 4TH AMENDMENT and SUBSTANTIVE DUE PROCESS

44. Plaintiff restates and realleges all the statements made in paragraphs 11-43 of this Complaint as though fully set forth herein.

45. Plaintiff was in the care, custody and control of the defendants during the incident complained of.

46. The defendants owed Plaintiff a duty of reasonable care while in their custody, including ensuring her safety in transport to and from the courthouse.

47. When the individual defendants slammed the gate on the bus which locked p.c. Plaintiff inside with the g.p. inmates, they constricted her access to self-help or escape from eminent harm.

48. The individual defendants were aware of the eminent danger faced by Plaintiff in their care and actually provoked the g.p. inmates to attack the p.c. Plaintiff.

49. Defendants were deliberately indifferent as to whether Plaintiff was harmed by such danger.

50. As a proximate result of the state created danger, Plaintiff was in fact injured, both physically and emotionally.

### COUNT II
### FAILURE TO PROTECT-14th AMENDMENT UNDER 42 U.S.C. § 1983

51. Plaintiff restates and realleges all the statements made in paragraphs 11-43 and 45-50 of this Complaint as though fully set forth herein.

52. One or more of the defendants violated Plaintiff's rights under the Fourteenth Amendment of the United States Constitution when, knowing that there was an unusual risk of harm to the Plaintiff from the g.p. inmates caused by Plaintiff's LGBT and p.c.

7

status, after being fully warned and aware they were deliberately indifferent to the substantial risk to her safety.

53. As a direct and proximate result of the aforementioned unlawful and indifferent actions of individual Defendants, committed under the color of law and under their authority as deputies and medical personnel for the Cook County Department of Corrections, Plaintiff suffered harm including, but not limited to, extreme pain, injury, and mental anguish and was deprived of her right to be free from punishment and the due process of law as guaranteed by the 14th Amendment of the United States Constitution.

## COUNT III
## EQUAL PROTECTION-42 U.S.C. § 1983

54. Plaintiff restates and re-alleges all the statements made in paragraphs 11-43, 45-50 and 52-53 of this Complaint as though fully set forth herein.

55. The Plaintiff is a member of the LGBT community- a protected class.

56. Plaintiff is similarly situated to other non-LGBT inmates in protective custody.

57. Although the Defendants investigated, reported complaints, and protected its non-LGBT inmates in protective custody, the Defendants refused to investigate, report the complaints, or protect Plaintiff, who is a member of the LGBT community.

58. The Defendants acted with discriminatory intent causing Plaintiff harm.

## COUNT IV
## 42 U.S.C. §1983 Monell CLAIM AGAINST COOK COUNTY, and THE SHERIFF OF COOK COUNTY

59. Plaintiff restates and realleges all the statements made in paragraphs 11-43, 45-50, 52-53 and 55-58 of this Complaint as though fully set forth herein.

8

60. Defendants acted pursuant to one or more of the following interrelated informal policies, practices and/or customs of the Sheriff of Cook County and his CCDOC personnel:

    i. Acting with deliberate indifference toward the serious medical needs and safety of LGBT p.c. inmates in their custody, and allowing and encouraging other CCDOC personnel to act with similar indifference.

    ii. Allowing and encouraging the filing of false reports, and the giving of false statements and testimony about incidents related to the abuse of LGBT inmates.

    iii. Failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control CCDOC deputies and medical personnel in the Sheriff's employ particularly when for years, the Sheriff of Cook County has known that his CCDOC personnel engaged in misconduct, acting with deliberate indifference to the serious medical needs and safety of LGBT inmates in their custody.

    iv. Failing to establish a system that allows protection of at-risk LGBT inmates.

61. The practices and policies of the jail in providing inadequate safety, health assessments, inadequate medical care, failing to keep proper records, failure to provide adequate staffing and training, and the denial of meaningful protection caused the LGBT detainee to harm.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER ILLINOIS LAW

62. Plaintiff restates and realleges all the statements made in paragraphs 11-43, 45-50, 52-53, 55-58 and 60-61 of this Complaint as though fully set forth herein.

63. The individual defendants knew that the threat of danger against Plaintiff, a p.c. inmate, by g.p. inmates was clear, present, and visibly eminent.

64. One or more of defendants intentionally engaged in extreme and outrageous behavior against Plaintiff, including, but not limited to, ignoring Plaintiff's serious medical needs, and physical safety intending that Plaintiff would suffer injury.

65. As a result of Defendants' actions, Plaintiff suffered serious harm including, but not limited to, extreme pain and mental anguish.

**COUNT VI**
**CLAIM UNDER 745 ILCS 10/9-102 AGAINST THE COUNTY OF COOK**

66. Plaintiff restates and realleges all the statements made in paragraphs 11-43, 45-50, 52-53, 55-58, 60-61 and 63-65 of this Complaint as though fully set forth herein.

67. Defendant THE COUNTY OF COOK was, at all times material to this Complaint, the employer of some of the individual defendants.

68. The individual defendants committed the acts alleged above in the scope of their employment as employees of the COUNTY OF COOK.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff demands judgment against the employer Defendant named in this Count in the amount awarded to Plaintiff and against the employee Defendants by way of judgment or settlement, including any and all amounts awarded for damages and costs.

A.   That defendants be required to pay Plaintiff general damages in a sum to be ascertained at a trial of this matter;

B.   That defendants be required to pay Plaintiff special damages;

C.   That defendant COOK COUNTY be required to reimburse the individual defendants;

D.   That defendants be required to pay Plaintiff's attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, and/or any other applicable provision;

E.   That individual defendants be required to pay Plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter;

F.   That defendants be required to pay Plaintiff's the costs of the suit herein incurred, and

G.   That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted,

`/s/ Scott T. Kamin
Attorney for Plaintiff

Scott T. Kamin
Law Offices of Scott T. Kamin
55 E. Jackson Blvd
Suite 1028
Chicago, IL  60604
(312) 322-0077
Ill. Attorney No.: 6226855